UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

~~JOHN DOE~~ Reynolds, Peter, as guardian of D.R.    CA10- 491ML

VS.    ~~C.A. NO. 10-21~~

CHARIHO SCHOOL DISTRICT

COMPLAINT

This is an administrative appeal brought by the parent of a disabled student pursuant to the Individuals With Disabilities Education Act (IDEA, 20 USC 1400 et seq. The parent seeks to reverse a Decision and Order of an Independent Hearing Officer who on 11/19/10 approved a proposed unilateral transfer of the student from his current educational placement to the defendant's proposed placement. The parent also seeks an automatic "stay put" Order maintaining the student's current educational placement during the pendency of judicial proceedings pursuant to 20 USC § 1415(j) and RI Department of Education Regulation 300.514.

1. Jurisdiction is vested in this Court pursuant to 20 USC § 1415 (i)(2)(A) without regard to the amount in controversy.

2. Plaintiff is the parent of a handicapped nine year old student who lives in the defendant's school district.

3. Defendant is the Local Education Agency (LEA) responsible for providing this student with a free and appropriate public education (FAPE).

4. The parties, by agreement, placed this student at a clinical day program out of district when the parties determined that the LEA was unable to provide a FAPE for the student.

5. Prior to the start of the 2010-2011 school year, the Special Education Director for the LEA unilaterally, without prior notice or proper IEP team decision, declared that the student would be transferred back to the LEA's RYSE School, effective in September of the 2010-2011 school year.

6. The parent of the student filed for a due process hearing pursuant to 20 USC §1415(f).

7. The complaint was assigned to an Independent Hearing Officer (IHO).

8. On November 19, 2010, the IHO rendered his decision holding that the LEA's proposed placement is a FAPE.

9. The IHO failed to find procedural violations despite the lack of notice and the unilateral (non IEP team decision) administrative decision.

10. The IHO's decision on the procedural and substantive issues is not supported by the evidence.

11. The IHO's decision is contrary to established legal precedents.

12. The student needs to be maintained in his current educational placement where he feels safe, has developed trusting relationships, and is receiving educational benefit.

WHEREFORE, plaintiffs seek to invoke the "stay put" mandate of 20 USC §1415(j), a reversal of the IHO's decision and such other and further

relief as the Court deems just and appropriate to meet the unique needs of this disabled student.

PLAINTIFFS,<br>
By their Attorney<br>
<br>
Dilloun Rademacher, #8162<br>
191 Hemlock Rd<br>
Wakefield, RI 02879<br>
(401) 218-9055

## CERTIFICATION

I hereby certify that a true copy of the foregoing document was emailed to Jon Anderson, ESQ., and to the parent on the 9th day of December, 2010.

Signed,<br>
Dilloun Rademacher